UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| LISA KIRKWOOD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-191 |
| § | |
| CAROLYN W. COLVIN, § | |
| § | |
| Defendant. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Lisa Kirkwood (Plaintiff) brought this action on May 26, 2014, seeking review of Defendant, Acting Commissioner of the Social Security Administration's (Commissioner) final decision denying Plaintiff disability insurance benefits. D.E. 1. On December 31, 2014, Plaintiff filed Brief in Support of Claim (Brief). D.E. 14. On February 26, 2015, Commissioner filed a Responsive Brief (Response). D.E. 15. On August 8, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R) (D.E. 16), recommending that the Commissioner's determination be affirmed and Plaintiff's cause of action be dismissed. Plaintiff filed her objections (D.E. 17) on September 2, 2015. Her objections are set out and discussed below.

First, Plaintiff objects to the Magistrate Judge's conclusion that the Administrative Law Judge (ALJ) "performed a thorough analysis of Plaintiff's conditions." D.E. 17, p. 2. Plaintiff argues that "the ALJ's summary of the evidence and rationale completely ignored certain treatment notes which were in direct conflict with the ALJ's findings"

(D.E. 17, p. 2). Plaintiff urges this Court to re-examine page twelve of her Brief. *Id.* There are several treatment notes cited on the referenced page; two are from 2010 and two are from 2013.

a. **2010 Treatment Notes**

The first treatment note is from a rheumatology consult in April 2010. The doctor noted that "Plaintiff had giveaway weakness and tenderness to touch over all of the fibromyalgia points, as well as non-fibromyalgia points." D.E. 14, p. 12. The second treatment note is from a follow-up rheumatology appointment in November 2010 and included a finding that "Plaintiff had diffusely positive myofascial tender points" *Id.* Plaintiff argues that these notes are in "direct conflict" with the ALJ's findings and thus the Magistrate Judge was wrong in finding that the ALJ's findings were proper. D.E. 17, p. 2. The Court disagrees.

While the notes cited by Plaintiff tend to show evidence of impairment, the records contain additional relevant notes. The records from April note that Plaintiff is a "delightful" woman who is pleasant, alert, strong, and "[f]rom a rheumatological standpoint . . . is well." D.E. 12–8, pp. 12–13. As the Magistrate Judge outlines in the M&R, most of the results of her physical examinations were normal, and other medical reports from that time indicate Plaintiff reported sleeping better, experiencing less anxiety, feeling less pain, and was continuing to care for her grandchild and disabled husband. *Id.*, pp. 12–41. While Plaintiff faults the ALJ and Magistrate Judge for not considering all of the evidence in the record and instead "picking and choosing the evidence most favorable [to their findings]" (D.E. 17, p. 3), she asks this Court to do the

same, just in a way that is more favorable to her. The Court declines to do so, and instead finds that the Magistrate Judge properly considered all the evidence in the record in his analysis of the ALJ's decision.

### b. 2013 Treatment Notes

Plaintiff also cites two treatment notes from April and October of 2013 that she submitted to the Appeals Council as new evidence following the ALJ's decision. Plaintiff argues that these reports support her claim because they show she had sensitivity at all fibromyalgia trigger points upon examination. D.E. 14, p. 12. To justify a remand on the basis of new evidence, 42 U.S.C. § 405(g) requires the evidence to be material. To be material, the new evidence must satisfy two factors: (1) it relates to the time frame for which the disability benefits were denied; and (2) there is a reasonable probability that it would change the outcome of the decision.[1] On March 26, 2014, the Appeals Council denied Plaintiff's request for review. D.E. 12-3, p. 3. In its denial, the Appeals Council addressed the materiality of Plaintiff's new evidence:

> We looked at records from the Corpus Christi Veterans Administration (VA) Outpatient Clinic from February 6, 2013 through January 16, 2014 (75 pages). The Administrative Law Judge decided your case through December 7, 2012. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before December 7, 2012. If you want us to consider whether you were disabled after December 7, 2012, you need to apply again."

---

[1] *Ripley v. Charter,* 67 F.3d 552, 555 (5th Cir. 1995); *see also Falco v. Shalala,* 27 F.3d 160, 164 (5th Cir. 1994) (evidence is not material if it relates to a disability or to the deterioration of a previously non-disabling condition resulting after the period for which benefits were sought).

*Id.* As Plaintiff's new evidence does not satisfy the first factor, it is not material to this review. Accordingly, Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff objects to the Magistrate Judge's conclusion that there was sufficient evidence for the ALJ to determine that Plaintiff's symptoms improved with treatment and "her complaints as to severity and varying effects of her ailments [were] not supported by her reports of daily activities." D.E. 16, p. 32. Plaintiff contends that the Magistrate Judge "[did] not look at the entire relevant time period to see that the most recent treatment note of record shows Plaintiff was referred to pain management since she had 'tried multiple modalities without success of satisfactory pain relief.'" D.E. 17, pp. 2–3.

The treatment note Plaintiff alludes to is from a report dated May 9, 2012. D.E. 12–13, p. 35. The Magistrate Judge referenced this record (D.E. 16, p. 32, n. 3), and then noted that "[i]n July 2012, Plaintiff was assessed as having 'classic migraine, which is well-controlled on her present medication.'" D.E. 16, p. 32. The M&R indicates that the Magistrate Judge looked at the entire relevant period. Further, medical records from that time period support the ALJ's finding: on May 9, 2012, Plaintiff was noted as "well developed, well nourished, [and] ambulatory" (D.E. 12–13 p. 35); on May 24, 2012, the results from her EEG and MRI were "unremarkable" (D.E. 12–13, p. 57); and on July 18, 2012, in what appears to be the last treatment note in the record, the results of the Holter monitor were normal, with "no significant abnormalities or malignant arrhythmia" (D.E. 12–13, p. 75).

Finally, as the Magistrate Judge noted, the ALJ had the opportunity to develop his opinion based on both the objective medical evidence and Plaintiff's subjective testimony at the hearing, and found that, despite her ailments, she was the primary caregiver to her disabled husband and grandchild and was still able to engage in most of her usual daily activities. D.E. 16, p. 32. Thus, this Court finds no error in the Magistrate Judge's determination that there was sufficient evidence to support the ALJ's conclusion that Plaintiff's symptoms improved with treatment and that her complaints as to the severity and varying effects of her ailments were not supported by her medical history or reports of daily activities.[2] Plaintiff's second objection is **OVERRULED.**

Finally, Plaintiff objects to the Magistrate Judge's finding that the ALJ did not err by failing to obtain a medical expert's testimony, a consultative examination, or a medical source statement. D.E. 17, p. 3. Plaintiff argues that (a) the ALJ's decision was not supported by substantial evidence; (b) the ALJ's decision was not consistent with the State agency physicians' initial and reconsideration level determinations of impairment; and (c) the Magistrate Judge's finding conflicts with *Ripley v. Chater,* 67 F.3d 522 (5th Cir. 1995). *Id*, pp. 3–4.

---

[2] *See* 20 C.F.R. § 404.1529 ("statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled. In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including your medical history, the medical signs and laboratory findings and statements about how your symptoms affect you").

### a. Not Supported by Substantial Evidence

Plaintiff's first point that the ALJ's decision is not supported by substantial evidence is simply a restatement of what she has already argued in her Brief and throughout these objections. The Magistrate Judge found that the ALJ based his decision on credible medical, testimonial, and documentary evidence of record[3] and Plaintiff offers nothing new here to dispute that finding. Thus, this argument is without merit.

### b. Not Consistent With State Agency Physicians' Determinations

The State agency physician's Initial Disability Determination was issued March 8, 2011. At that time, the physician found that Plaintiff suffered from migraines and obesity, but not to the extent that they impaired her functioning (D.E. 12–4, pp. 6–9), and found no clear objective evidence of any other functionally severe physical impairments, despite Plaintiff's claims.[4] In the Reconsideration Disability Determination, issued November 28, 2011, a different State agency physician affirmed the initial determination that Plaintiff only had two impairments, migraines and obesity, which did not rise to the level of impairment to qualify as a disability. D.E. 12–4, p. 3.

Plaintiff complains of the Magistrate Judge's finding that the ALJ did not err by failing to call a medical expert to testify at the hearing. Plaintiff contends that the Magistrate Judge erred in finding that the ALJ's evaluation was "consistent with" the State agency physicians' opinions. To support this contention, Plaintiff points to the 200

---

[3] *See Hollis v. Bowen,* 837 F.2d 1378, 1386–7 (5th Cir. 1988) (when determining residual functional capacity (RFC), ALJ considers descriptions by physicians and claimant of claimant's ability to work, as well as claimant's overall credibility).

[4] The State agency physician noted that Plaintiff had "limited credibility" and could find no objective evidence explaining Plaintiff's global pain, "spells" or limitations. D.E. 12–4, p. 9.

pages of medical records documenting Plaintiff's history after the 2011 State agency physician's determinations, and the fact that the ALJ found Plaintiff suffered from "fibromyalgia, hypertension, PTSD, anxiety, and depression" (D.E. 17, p. 3), in addition to the obesity and migraines originally diagnosed by the State agency physicians. D.E. 17, pp. 3–4. The ALJ's determination that the Plaintiff suffered from more impairing maladies than the State physicians originally diagnosed illustrates that the ALJ considered all of the evidence. The ALJ's evaluation was consistent with the opinion of the State agency physicians, and his expanded findings clearly show he considered opinions from the other doctors Plaintiff saw after the 2011 disability determinations, as well as the Plaintiff's own statements and the vocational experts testimony at the hearing. Consequently, this argument is rejected.

### c. Conflicts with *Ripley v. Chater*

Plaintiff contends that the Magistrate Judge's support of the ALJ's decision not to obtain additional testimony from a medical expert goes against the principles articulated in *Ripley v. Chater*, 67 F.3d at 522. D.E. 17, p. 4. In *Ripley*, the plaintiff appealed the district court's grant of summary judgment upholding the Secretary's denial of Social Security disability benefits, and the Fifth Circuit remanded on the grounds that new, material evidence relating to Ripley's disability claim had come to light and the ALJ's decision was not supported by substantial evidence.[5] However, Plaintiff's case is factually distinguishable from *Ripley*. In the case at bar, the ALJ heard testimony from a

---

[5] *Ripley,* 67 F.3d at 553.

Vocational Expert (VE) with numerous accreditations[6] and years of experience providing disability vocation assessments,[7] whereas in *Ripley,* the only evidence in the record regarding the effect of Ripley's condition on his ability to work came from Ripley's own testimony, which the ALJ disregarded.[8] Additionally, in *Ripley*, roughly one year after the ALJ denied his claim, the plaintiff submitted new objective medical evidence in support of his previously discredited subjective complaints of pain.[9] Despite the new evidence, the district court denied Ripley's claim by granting summary judgment in favor of the Commissioner.[10] The Fifth Circuit found this denial was in error, and remanded with directions that the case be sent back to the administrative level to consider the new evidence.[11]

Here, Plaintiff has not presented any new evidence that could call the ALJ's decision into question, and instead argues that the ALJ's determination is in error simply because he did not obtain a medical source statement[12] or "the input of a qualified

---

[6] D.E. 12–5, p. 49.

[7] At the administrative law judge and Appeals Council levels, judges are authorized to consider evidence from other qualified experts who give their opinion on the severity of the plaintiff's impairments and how they affect her ability to work based on a thorough review of the plaintiff's case. *See* 20 C.F.R. §404.1513.

[8] *Ripley,* 67 F.3d at 557.

[9] *Id.* at 554–55.

[10] *Id.* at 555.

[11] *Id.* at 556.

[12] 20 C.F.R. § 404.1513(b)(6) (describing a medical source statement as a statement about what applicant can still do despite her impairments based on the medical source's findings).

medical expert[.]"[13] *Ripley* does not require such. Citing 20 C.F.R. § 404.1513, the *Ripley* court notes,

> Usually, the ALJ should request a medical source statement describing the types of work that the applicant is still capable of performing. The absence of such a statement, however, does not, in itself, make the record incomplete. In a situation . . . where no medical statement has been provided [the] inquiry focuses upon whether the decision of the ALJ is supported by substantial evidence in the existing record.[14]

Thus, Plaintiff's assertion that the ALJ was "required to obtain medical expert testimony or a consultative examination, or even a treating source statement under the guidance of *Ripley*" is without merit. D.E. 17, p. 4. As no medical source statement was provided, the Magistrate Judge's inquiry correctly focused on whether the ALJ's decision was supported by substantial evidence in the existing record.

Nonetheless, the Fifth Circuit has stated that reversal of the Commissioner's decision based on a failure to develop the record is only appropriate when the applicant shows that she was prejudiced. Such prejudice "can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision."[15] Here, Plaintiff has not established prejudice. The only additional evidence Plaintiff provides is a compilation of medical records from 2013 that were not available at the time the ALJ

---

[13] D.E. 17, p. 4.

[14] *Ripley*, 67 F.3d at 557.

[15] *Id.* at 557 n.22 (citing *Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984)).

made his determination. Thus, Plaintiff's objection regarding the ALJ's failure to obtain testimony from a medical expert at the administrative hearing is **OVERRULED.**

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **AFFIRMS** the Commissioner's decision. Plaintiff's cause of action is **DISMISSED.**

ORDERED this 29th day of September, 2015.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE